MARGARET E. MITCHELL *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY. -

*Negligence* —• *Peremptory Instruction.*

Where, in a suit against a Railroad Company for damages for destruction of property by fire alleged to have been caused by sparks from defendant's locomotive, and there was proof by plaintiff that the fire could have been extinguished by the defendant's employees, the jury should be permitted to say whether negligence was imputable to defendant because of failure of its employees to endeavor to extinguish the fire, and a peremptory instruction for defendant was erroneous.[1]

Suit by Margaret E. Mitchell against the Louisville & Nashville Railroad Company for damages for destruction of fences, grass, and trees, alleged to have been caused by sparks from a locomotive of defendant. The court below gave peremptory instruc-

---

1

The railroad must show facts to exonerate itself if it be shown that injury was inflicted by the running of its locomotives or cars. It cannot rely on presumptions or conjectures. Vicksburg R. Co. *v.* Hamilton, 62 Miss. 503; Kansas City R. Co. *v.* Doggett, 67 Miss. 250.

Court may direct a verdict for defendant if the plaintiff makes out only a *prima facie* case under the statute, and the company by undisputed evidence shows that its servants did everything possible to prevent the injury. Dedford *v.* Louisville R. Co., 65 Miss. 385.

Proof that a fire was started by the escape of live sparks from a railroad locomotive, causing damage to plaintiff, makes a *prima facie* case under § 1059, Code of 1880, and § 1808, Code of 1892. A. & V. R. Co. *v.* Barrett, 78 Miss. 432.

In a suit against a railroad company for damages caused by fire, if it be shown that the fire was started by sparks escaping from a locomotive, in the service of the company, the burden of proof is on the defendant to meet the *prima facie* case arising under § 1059, Code of 1880, and § 1808, Code of 1892. Drake *v.* Railroad Co., 79 Miss. 84.

Damage by fire is within § 1808, Code of 1892. Mobile R. Co. *v.* Gray, 62 Miss. 383; Louisville R. Co. *v.* Natchez R. Co., 67 Miss. 399.

In a suit against a railroad company for damage by fire communicated by its running train, it is proper to refuse instructions which impose on plaintiff the burden of showing negligence on the part of defendant, and also that plaintiff hmself was free from negligence. Louisville R. Co. *v.* Natchez R. Co., 67 Miss. 399.

A railroad company is under no duty to contiguous owners to stop its train to extinguish fires which without its fault or negligence are set out by the locomotive. Insurance Co. *v.* Railroad Co., 70 Miss. 119.

tion for defendant, whereupon the plaintiff appealed to the Supreme Court.

Appealed from Circuit Court, Harrison county, S. H. Terrall, Judge.

Reversed and new trial awarded, March 15, 1886.

*Attorneys for appellant, Posey & Bowers.*

. *Attorneys for appellee, Gaylord B. Clark & Le Vert Clark.*

Brief of Posey & Bowers:

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

The question presented by the assignments of error, and relied upon by appellant, is that the plaintiff below made out such a case as should have gone to the jury.

The negligence of the defendants, as relied upon by plaintiff, consisted:

First. In the failure to provide its locomotives with proper spark arresters.

Second. The failure to remove the dry grass and leaves from its track and right of way, when warned by an unusually dry season and by frequent fires that prudence demanded its removal.

Third. The failure to detail its available force at hand, to extinguish the fire, after its origin was known to them.    \*    \*    \*

Among precautions proper to be taken, and we may say required to be taken, is the removal of grass and other combustible matter from its track and right of way; and "while this failure on the part of the railroad may not, in the strictest sense, be termed *negligence per se,* it is nevertheless evidence of negligence proper to be submitted to the jury; and it is for the jury to say whether, from all the facts in the case, it was negligence on the part of the railroad to leave such combustible material so exposed, whether in heaps or in a natural state." Pierce on Railroads, 431, and cases there cited.

We submit that upon this point alone the evidence was such as should have been submitted to the jury, to be passed upon by them, and the weight of this proof is increased by the consideration of the fact that the defendant was warned by frequent fires in the same locality that the presence of this dry and dead material endangered the neighboring fences and trees.

The failure of the section boss to detail his available force to assist in extinguishing the fire is another circumstance importing on its face negligence on the part of the defendant. * * *

It is true that he (the section boss) testified that he could not leave his track, but that only raised a conflict, and it should all the more have been left to the jury, in order that they might decide whether or not his occupation at the time was such as to justify him in his failure to send his whole force to combat the flames. It was his duty to have done so. The obligation resting upon him is clear. *Vide* Pierce on Railroads, 438, note 5, and cases cited; Bass *v.* C., B. & Q. R., 28 Ill. 9–18. * * *

When the plaintiff proved her loss, she made out a *prima facie* case and the burden then rested upon the defendant to prove that no fault could be imputed to it. * * *

It is for the jury to determine, as questions of fact, whether the company caused the fire; and if so whether it was caused by the negligent construction or management of its engines. * * *

Brief of G. B. & L. V. Clark.

* * * The failure of the company to supply adequate and proper machinery is corporate negligence as distinguished from the negligence of the company's servants, as evidenced by the unskillful, careless, or negligent performance of their duties in the management of the machinery put into their hands by the corporation. Railroad Co. *v.* Thomas, 42 Ala. 672, 715; Railroad Co. *v.* Smith, 49 Ala. 245.

A railroad company is not responsible for fires occurring from sparks thrown by their locomotives, unless they have been guilty of some negligence. Atchison, Topeka & Santa Fe R. *v.* Riggs, 15 Am. & Eng. R. Cas. 531; Hoff *v.* Railroad Co., 13 Am. & Eng. R. Cas. 476; Brown *v.* Atlantic & C. R., 13 Am. & Eng. R. Cas. 479, and note, 487; Railroad Co. *v.* McBrowns, 13 Am. & Eng. R. Cas. 450, 458; Railroad Co. *v.* Spence, 11 Am. & Eng. R. Cas. 60.

The fact that fire was discovered shortly after passage of train raises no presumption, and it is not evidence that the same was kindled by sparks. 7 Am. & Eng. R. Cas. 501; 2 Am. & Eng. R. Cas. 267.

A railroad company is not bound to preserve property of others at the risk of human life. Railroad Co. *v.* Jones, 59 Miss. 465.

The burden of proof is on the plaintiff to show that the injury was imputable to the negligence or misconduct of defendant or its agents.   Railroad Co. v. Gray, 62 Miss. 383.   *   *   *

If the fire be attributable to the escape of sparks from the locomotive, the proof shows conclusively, and without contradiction in the testimony, that the company had met the full measure of its duty in the premises and was free from the negligence charged.

The appliances for the prevention of such accidents were the best of the kind in use or known to the railroad profession.   The arresters were effective enough to detain 90 per cent. of the sparks, including all of the large ones, which, in the aggregate, amounted to twenty-four bushels in a single trip from Mobile to New Orleans.   It was impossible to retain all without practically closing the draft of the furnace and thus preventing the generation of steam.

There is absolutely no proof to show negligence on the part of the engineer and fireman in the management of the locomotive. A question was asked as to whether the company had stoves in the cars.   The charge in the declaration is that the fire was set by sparks from a defective locomotive and not from a stove, and the *allegata* and *probata* must correspond.   But aside from this, there is no proof that there was any fire in the stoves on that morning.

As to the alleged negligence in not putting out the fire after it had caught from some source, the proof clearly shows that when it was discovered the section boss and men were a mile off and had no knowledge of the danger or condition of affairs, and that when such knowledge was obtained it was too late to do any good. Moreover, the uncontradicted evidence is that when the section boss discovered the fire his track was not in a safe condition to leave, nor could it have been put in condition with less than a half hour's work.   Trains might be expected at any time.   The law does not require the servants of a railroad company to do anything for the mere preservation of property, if thereby human life is endangered.

OPINION.—CAMPBELL, J.:

The jury should have been permitted to pass on the question whether negligence was imputable to the defendant because of the failure of its employees to make an effort to extinguish the fire.

*Reversed and remanded for a new trial.*